Mr. Chief Justice Shaheey
delivered the opinion of the court.
An action of detinue was instituted by the appellee against the appellant for a negro boy, and a recovery had. On the trial, a bill of exceptions, containing part of the evidence, was taken under the provisions of the statute, and a motion was made for a new trial. The inquiry must be confined almost exclusively to the merits of the motion for a new trial, as the bill of exceptions presents no legal question which was raised during the pro *318 gress of the trial, either to the admissibility of evidence, or to the charge of the court. The greater part of the evidence, or perhaps the substance of the whole of the parol evidence, is set out in the bill of exceptions, but it does not appear by which party it was introduced, or that any objection was to it, and of course it cannot be the subject of error, as, for aught that appears, the appellant may have introduced it himself.
The bill of exceptions is very defective, also, in not setting out the merits of the defence relied on. As I understand the case, the defendant relied upon a title acquired by a sheriff’s sale of the negro claimed, under an execution against Archer Evans, administrator; but neither the judgment nor execution are set out in the bill of exceptions. The sheriff’s bill of sale, in which he recites a levy, is the beginning of the defendant’s title, as it appears in the bill of exceptions. It appears, that, during the trial, the defendant read in evidence, a judgment of the circuit court of Adams county, against whom, or in favor of whom, does not appear. He also read in evidence the execution which issued on the judgment. The language of that part of the bill of exceptions, is as follows, to wit:
“ The. defendants offered and read in evidence, a judgment of the circuit court of Adams county, (here insert it,) also the execution and sheriff’s return thereon, emanating from said court, on said judgment, (here insert it,) which said sheriff’s return and bill of sale for said negroes as sold, and in the words and figures following, to wit: ‘ Benjamin Terrel and Wife, executors, &c., v. Archer Evans, administrator and security.’ ” This bill of exceptions certainly show no judgment nor execution, which it ought to have done, if they were material.
In the rough draft of the bill, a place is evidently pointed out, at which these documents were intended to be inserted, but the record does not contain them, and we can know nothing of them. There is a record of judgment, it is true, filed with the record in this case, but we have no means of knowing if this is the record read on the trial. No parties to that judgment are named in the bill of exceptions, and one judgment might be as applicable as another. But moreover, a bill of exceptions is the means used *319 for placing matters on the record of proceedings, in a case where they do not properly belong to it; and the bill of exceptions should contain matter so intended to be placed on the record. A bill of exceptions must present a distinct substantive case, it being on the evidence stated in itself alone, that the court is to decide. Cox’s Digest, 104. And the bill of exceptions is conclusive upon the court. Perhaps the reference in a bill of exceptions so aptly made in the description of the document, intended to be made a part of it, as to leave no doubt, and render it properly certain what was intended, might be sufficient; but to receive it by such a description even, would certainly be straining the principle that should govern in bills of exceptions, considering them as the only, means of placing the evidence used on the trial, on the record. But in this case there is not even a description or apt reference to the judgment used on the trial, and one might be made as applicable as another.
The record of judgment against Evans’s administrator filed in this case, cannot be considered as a part of the evidence in this case for the reason given, nor - indeed has an examination of it been thought at all necessary or proper. Divesting the case of this important feature, as \ye are bound to do, the motion for a new trial must rest on the evidence set out, which certainly forms no ground for sustaining it.
It appears that the property in question, or at least the mother of the boy, was part of the estate of Archer Evans, whose estate was divided by mutual agreement among the distributors without administration. In that division, the-mother of the boy in question was set apart to the plaintiff, who was the widow of Evans, who subsequently intermarried with Hale. After their marriage, a disagreement took place between them, and the negroes were sold to Whiting, one half of them to be secured to the plaintiff. Whiting conveyed one half off the negroes to Berry, in pursuance of the agreement, the conveyance being intended to vest the property in the plaintiff. Whiling delivered to Berry for the benefit of the plaintiff, who was then living with her son-in-law, the defendant, who, in the meantime, had administered on the estate of Evans. The plaintiff shortly afterwards left the house of the *320 defendant, and took with her a negro woman, Nelly, who was one of the negroes delivered by Whiting.
Joe, the negro in question, was born of Nelly while she was so in possession of plaintiff, and she continued to hold them both until Joe was taken out of her possession by the sheriff. Her title was certainly sufficient to enable her to sustain the action. No right to deprive of the possession is shown, and her possession alone would be sufficient, mrtil a right to deprive her of it could be made appear.
It is objected that Whiting’s testimony was inadmissible to explain his positive bill of sale to Berry. Now it does not appear that Whiting was examined at all, or by what means this explanation was brought about, but I can see no objection to it under any circumstances. It seems that the negroes were conveyed to Whiting for the purpose of having them conveyed to Charlotte Hale. An absolute conveyance of them to Berry, therefore, would seem to be incompatible with Whiting’s power; but if the conveyance from Whiting was intended to be made to Charlotte Hale, and in pursuance of his agreement to convey, there was an ambiguity in the bill of sale which might well admit of explanation, after these facts hi connection with it were shown, Berry, by his representations to Whiting, had induced the conveyance, and by his subsequent conduct acquiesced in it, vesting thé property in the plaintiff.
One of the reasons assigned for a new trial below was newly discovered evidence, and an affidavit in support of it was filed, but ■ it does not show that testimony had been discovered. It appears by the affidavit, that Doctor Menter was a material wit-nessj and that he had been duly subpoenaed, but was absent in consequence of sickness, and in consequence of the cause having been twice continued, it could not be again continued, for his absence. However hard this may have been, it was no cause for a new trial. The affidavit also shows that the defendant, after the trial, had been informed of certain facts, by J. B. Thrasher, Esq.; but he did not obtain Mr. Thrasher’s affidavit showing the facts which he would establish. It appears, also, by the bill of exceptions, that Thrasher was not only the defend *321 ant’s counsel on the trial, but sworn as a witness for the defendant, and that cannot be newly discovered testimony which was known to the counsel at the time of trial, who was certainly the best judge of its materiality and bearing, and who was also a witness.
One of the errors assigned is, that the judgment is defective. The judgment is, “ That the plaintiff recover from the said defendant, the said negro, Joe, or the sum of four hundred and fifty dollars for the value, &c.” The verdict is strictly correct, and, although the judgment does not pursue strictly the forms given, yet it is in the ultimative, and the omission of the words “ if to be had, &c.,” can be regarded as nothing more than an informality in entering the judgment which is cured by the statute of jeofails.
The motion must be denied and the judgment of the court below affirmed.